CLERKS OFFICE U.S. DIST. COURT
AT CHARLOTTESVILLE, VA
FILED
February 26, 2025
LAURA A. AUSTIN, CLERK
BY s/ S. MELVIN
  DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
HARRISONBURG DIVISION

| | |
|---|---|
| John Schweisthal, Jr., | ) |
|             Plaintiff, | ) |
| v. | )   Civil Action No. 5:24-cv-00081 |
| Bluestar Resort and Golf, LLC, | ) |
|             Defendant. | ) |

## MEMORANDUM OPINION

This matter is before the court on Defendant Bluestar Resort and Golf, LLC's ("BSRG") motion to dismiss for failure to state a claim (Dkt. 10), as well as Plaintiff John Schweisthal, Jr.'s motion for an extension of time to respond to the motion to dismiss (Dkt. 21) and motion for leave to file an amended complaint (Dkt. 28). For the reasons outlined below, the court will grant Schweisthal's motion for leave to amend. In light of that decision, BSRG's motion to dismiss and Schweisthal's motion for an extension of time will be denied as moot.

### I.   Background

Schweisthal was employed by BSRG from August 18, 2018, through December 2, 2021. (*See* Compl. ¶ 15 (Dkt. 1-2).) He alleges that he was sexually harassed by his supervisor at BSRG, Jessica Bowling, and then subjected to retaliation when BSRG terminated his employment after he reported Bowling's misconduct. (*See id.* ¶¶ 10–100.)

On December 2, 2022, Schweisthal filed a two-count complaint against BSRG in Virginia state court, alleging claims for retaliation in violation of the Virginia Whistleblower Protection Act ("VWPA") and negligent retention. (Dkt. 29 at 2.) In November 2023, he moved to nonsuit his December 2, 2022 complaint because the one-year deadline for serving BSRG was about to expire. (*Id.* at 3.) The circuit court granted his nonsuit motion on November 30, 2023. (*Id.*)

On September 25, 2023, shortly before he nonsuited his December 2, 2022 complaint, Schweisthal filed a second action against BSRG in state court. (*See* Compl.) That action alleged claims for *quid pro quo* sexual harassment, sexually hostile work environment, and retaliation in violation of Title VII of the Civil Rights Act of 1964 and the Virginia Human Rights Act ("VHRA") (as amended by the Virginia Values Act).[1]  (*See id.*) Schweisthal served BSRG with the summons and complaint on September 19, 2024. (Dkt. 1-3.) BSRG removed the action to this court on October 9, 2024. (Dkt. 1.)

Following removal, the court granted BSRG's consent motion to extend the deadline to file responsive pleadings. (Dkt. 5.) On October 30, 2024, BSRG filed an answer and a partial motion to dismiss under Federal Rule of Civil Procedure 12(b)(6). (Dkts. 10, 12.) BSRG asks the court to dismiss Schweisthal's three VHRA claims (Counts IV, V, and VI) for failure to exhaust administrative remedies because he did not allege that he received a notice-of-right-to-sue letter from the Virginia Attorney General's Office of Civil Rights ("OCR"). (*See* Dkt. 11 at 3–4.)

---

[1] Schweisthal explains that he did not include these claims in his December 2022 complaint because he had not received a notice-of-right-to-sue letter from the U.S. Equal Employment Opportunity Commission ("EEOC") at the time. (Dkt. 29 at 2.) Schweisthal received a notice-of-right-to-sue letter from the EEOC on June 28, 2023. (Dkt. 1-2 at 40–43.)

Schweisthal did not file a timely response to the motion to dismiss. On December 17, 2024, the court entered an order directing him to file a response by December 19 that showed cause for his failure to meet the filing deadline if he wished to oppose dismissal of Counts IV–VI. (Dkt. 16.) On December 19, Schweisthal filed a response to the court's order, (Dkt. 20), moved for an extension of time to file a late response to BSRG's motion to dismiss, (Dkt. 21), and attached its proposed response to the motion to dismiss, (Dkt. 19). On January 9, 2025, BSRG filed a response in opposition to Schweisthal's motion for an extension and a reply in support of its motion to dismiss. (Dkts. 25, 26.) Schweisthal filed a reply in support of his motion for an extension on January 16. (Dkt. 17.)

On February 3, Schweisthal filed a motion for leave to amend his complaint, with a copy of his proposed amended complaint attached. (Dkts. 28, 29.) His proposed amended complaint adds allegations to support his existing claims, including confirmation that he received a notice-of-right-to-sue letter from the Virginia OCR. (*See* Dkt. 29 at 5.) It also adds causes of action for retaliation under the VWPA and for negligent retention—the same two claims he alleged in his nonsuited state-court complaint. (*See id.* at 32–24.) BSRG opposes the motion for leave to amend. (Dkt. 31.) It argues that the amendments would be prejudicial to BSRG and that Schweisthal has acted in bad faith in offering them. (*Id.* at 7–9.) It also argues that Schweisthal's two proposed new claims are time-barred, so the court should deny leave to amend as futile as to those claims. (*Id.* at 9–12.)

## II.  Standard of Review

Under Federal Rule of Civil Procedure 15, a plaintiff may amend their complaint "once as a matter of course" within 21 days after serving it or within 21 days after receiving

- 3 -

service of the defendant's answer or Rule 12 motion. Fed. R. Civ. P. 15(a)(1). Where, as here, a plaintiff did not amend by those deadlines, the plaintiff may file an amended complaint only "with the opposing party's written consent or the court's leave." Fed. R. Civ. P. 15(a)(2).

"The court should freely give leave when justice so requires." *Id.* It should deny leave to amend "*only when* the amendment would be prejudicial to the opposing party, there has been bad faith on the part of the moving party, or the amendment would be futile." *Edwards v. City of Goldsboro*, 178 F.3d 231, 242 (4th Cir. 1999) (quoting *Johnson v. Oroweat Foods Co.*, 785 F.2d 503, 509 (4th Cir. 1986)). Delay alone is not a sufficient reason to deny leave to amend—the delay must be accompanied by prejudice, bad faith, or futility. *Johnson*, 785 F.2d at 509–10. A motion for leave to amend may be denied as futile when "the proposed amended complaint fails to satisfy the requirements of the federal rules." *United States ex rel. Wilson v. Kellogg Brown & Root, Inc.*, 525 F.3d 370, 376 (4th Cir. 2008) (citation omitted). Thus, courts are "are free to deny leave to amend as futile if the complaint fails to withstand Rule 12(b)(6) scrutiny." *In re Triangle Cap. Corp. Sec. Litig.*, 988 F.3d 743, 750 (4th Cir. 2021).

### III.   Analysis

BSRG opposes Schweisthal's motion for leave to amend on the grounds that his proposed amendments would be prejudicial and were made in bad faith. BSRG also argues that Schweisthal's proposed addition of the VWPA retaliation and negligent retention claims is futile because both claims are time-barred. After considering the proposed amended complaint and the parties' arguments, the court finds no reason for denying Schweisthal leave to amend.

**A. Granting Schweisthal leave to amend would not prejudice BSRG, and there is no evidence Schweisthal has acted in bad faith.**

"Whether an amendment is prejudicial will often be determined by the nature of the amendment and its timing." *Laber v. Harvey*, 438 F.3d 404, 427 (4th Cir. 2006) (en banc). For example, prejudice can result when a proposed amendment "raises a new legal theory that would require the gathering and analysis of facts not already considered by the defendant, and is offered shortly before or during trial." *Id.* (cleaned up). By contrast, an amendment is not likely to cause prejudice when the plaintiff offers it before much discovery occurs. *See id.* at 427–28 (holding that amendment was not prejudicial because it was offered before any "significant discovery" and merely stated an alternative theory of recovery based on existing facts). When assessing potential prejudice, courts also look to the "particular circumstances presented, including previous opportunities to amend and the reason for the amendment." *Abdul-Mumit v. Alexandria Hyundai, LLC*, 896 F.3d 278, 293 (4th Cir. 2018) (cleaned up).

Schweisthal's proposed amendments will not prejudice BSRG. BSRG notes that Schweisthal did not amend as a matter of course in November 2024 after BSRG filed its motion to dismiss, but his two-to-three-month delay in amending is "an insufficient reason to deny leave to amend." *Edwards*, 178 F.3d at 242; *see, e.g.*, *Gordon v. James Madison Univ.*, No. 5:12-cv-00124, 2014 WL 3579663, at *5 (W.D. Va. July 21, 2014) (holding that seven-month delay in filing an amended complaint that included a new cause of action would not prejudice the defendant). Further, Schweisthal moved for leave to amend less than three weeks after he received the notice-of-right-to-sue letter from the Virginia OCR, which was a key impetus for his proposed amendment. Nor is it prejudicial for Schweisthal to add the

- 5 -

new causes of action for VWPA retaliation and negligent retention. Those two claims largely rest on the same underlying facts as his existing claims, so they will not impose much, if any, additional discovery burden on BSRG. The same is true of his other proposed amendments. Some clarify his request for punitive damages, while others merely correct typographical errors in his original complaint. And at this juncture, the parties are only in the early stages of discovery, which further demonstrates that allowing amendment will not prejudice BSRG. *See Laber*, 438 F.3d at 427.

There are also no grounds for finding that Schweisthal has acted in bad faith by moving for leave to amend. The Fourth Circuit has recognized that bad faith can be a "difficult term to define" and requires an analysis of the circumstances in a particular case. *United States ex rel. Nicholson v. MedCom Carolinas, Inc.*, 42 F.4th 185, 198–99 (4th Cir. 2022). Bad faith might exist when the plaintiff withheld facts known at the time of the original complaint for an extended period "without satisfactory explanation," changed substantive facts from one filing to the next to avoid dismissal, or insisted on pursuing claims the plaintiff knew were unsupported by law. *Id.* at 199. The court finds no evidence of such conduct or any other bad-faith action here. This is Schweisthal's first attempt to amend his complaint. The Virginia OCR's issuance of the notice-of-right-to-sue letter provided an obvious, good-faith reason for moving for leave to amend—Schweisthal's initial failure to obtain that letter was the entire basis for BSRG's partial motion to dismiss.

BSRG argues that Schweisthal acted in bad faith by including the two new causes of action in his proposed amendment. It points out that Schweisthal's earlier briefing on the other pending motions did not disclose his plan to add these two claims. It also notes that

Schweisthal's counsel had told defense counsel they would omit the two counts from the proposed amended complaint if BSRG agreed not to oppose the other amendments, but then chose to include them in the version they filed. These actions do not constitute the type of "bad-faith" actions that would justify denying Schweisthal leave to amend.[2] To the extent that BSRG suggests Schweisthal's counsel were withholding information about the new claims, the claims should not come as a surprise, as they are the same ones Schweisthal nonsuited in his earlier state-court action.

### B. Schweisthal's proposed new claims are not futile.

BSRG next argues that the two new claims in Schweisthal's proposed amended complaint are procedurally time-barred, so granting leave to add them would be futile. It asks the court to also deny Schweisthal leave to add several background allegations that relate to the timeliness of the two claims.

Courts may deny leave to amend as futile when the proposed amended complaint fails to withstand Rule 12(b)(6) scrutiny. *In re Triangle Cap. Corp. Sec. Litig.*, 988 F.3d at 750. To survive a motion to dismiss under Rule 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). Because a Rule 12(b)(6) motion tests the sufficiency of a complaint, it generally is not a proper vehicle for raising affirmative defenses that a defendant has the burden of

---

[2] While BSRG tries to frame Schweisthal's counsel's actions as "gamesmanship," (Dkt. 31 at 9), the correspondence submitted as exhibits to the briefing indicates that *defense counsel* first suggested that Schweisthal drop the two new claims if BSRG agreed not to oppose his other amendments. (*See* Dkt. 31-8.) The correspondence shows that Schweisthal later agreed to drop the two claims if BSRG did not oppose the other amendments. (*See* Dkt. 31-9.) BSRG evidently did not agree to those terms, (*see* Dkt. 29 at 4), and Schweisthal included the two claims in the proposed amended complaint he attached to his motion for leave to amend.

proving, "such as the defense that the plaintiff's claim is time-barred." *Goodman v. Praxair, Inc.*, 494 F.3d 458, 464 (4th Cir. 2007). However, the court may consider a statute-of-limitations defense in the context of a Rule 12(b)(6) motion "if all facts necessary to the affirmative defense clearly appear on the face of the complaint." *Id.* (cleaned up).

The VWPA establishes a one-year statute of limitations for retaliation claims brought under the statute. Va. Code Ann. § 40.1-27.3(C). The limitations period begins to run on the date of "the employer's prohibited retaliatory action"—here, Schweisthal's December 2, 2021 termination. *Id.*; *see Rivera v. ManTech Int'l Corp.*, 902 S.E.2d 120, 123–24 (Va. Ct. App. 2024); *Kulshrestha v. Shady Grove Reprod. Sci. Ctr., P.C.*, 668 F. Supp. 3d 411, 415–16 (E.D. Va. 2023). Negligent retention claims have a two-year statute-of-limitations period, Va. Code Ann. § 8.01-243(A), which begins to run on the date injury is first sustained, *Street v. Consumers Mining Corp.*, 39 S.E.2d 271, 272 (Va. 1946). BSRG argues that the limitations period for Schweisthal's negligent retention claim began running no later than August 31, 2021, the date he reported his supervisor's alleged harassment. (Dkt. 31 at 12.)

Schweisthal argues that his proposed VWPA retaliation and negligent retention claims relate back to the date he filed this action in state court: September 25, 2023. Under Virginia law, an amendment adding a claim relates back to the date of the plaintiff's original complaint for statute-of-limitations purposes "if the court finds (i) the claim or defense asserted in the amended pleading arose out of the conduct, transaction or occurrence set forth in the original pleading, (ii) the amending party was reasonably diligent in asserting the amended claim or defense, and (iii) parties opposing the amendment will not be substantially prejudiced in litigating on the merits as a result of the timing of the amendment." *See* Va.

Code Ann. § 8.01-6.1. BSRG does not dispute that Schweisthal's two new claims relate back to September 25, 2023.

The limitations periods for both claims had expired by September 25, 2023. Schweisthal argues that the claims are nonetheless timely because he filed the September 25, 2023 complaint before he non-suited his earlier action against BSRG (which did allege VWPA retaliation and negligent retention claims based on the same underlying facts).

Schweisthal's argument turns on the application of Virginia statutes governing nonsuits. The relevant provision states:

> If a plaintiff suffers a voluntary nonsuit as prescribed in § 8.01-380, the statute of limitations with respect to such action shall be tolled by the commencement of the nonsuited action, regardless of whether the statute of limitations is statutory or contractual, and the plaintiff may recommence his action within six months from the date of the order entered by the court, or within the original period of limitation, . . . whichever period is longer.

Va. Code Ann. § 8.01-229(E)(3).

Schweisthal contends that his September 25, 2023 complaint was a "recommenced action" that satisfies these statutory requirements. He filed that complaint *before* his earlier action was nonsuited on November 30, 2023. But the fact that the complaint predated the nonsuit does not prevent it from qualifying as a "recommenced action" filed "within six months from" the nonsuit order under § 8.01-229(E)(3). The Supreme Court of Virginia has held that a recommenced action is timely under § 8.01-229(E)(3) when it is filed "within six months" before the nonsuit. *Laws v. McIlroy*, 724 S.E.2d 699, 703–04 (Va. 2012). Thus, Schweisthal's VWPA retaliation and negligence claims were not time-barred as of September 25, 2023, as that date predated his nonsuit by only two months.

BSRG argues that the September 25, 2023 complaint was not a "recommenced" action under § 8.01-229(E)(3) because, when first filed, it did not re-allege the claims for VWPA retaliation or negligent retention. But BSRG's position ignores the effect of an amendment relating back, which requires the court to treat the amended claims as if they were filed on "the date of the original [complaint] for purposes of the statute of limitations." Va. Code Ann. § 8.01-6.1. Again, BSRG does not argue that the two new claims fail to satisfy the statutory requirements for relation back. The correct question, then, is whether Schweisthal's two new claims were time-barred as of September 25, 2023. Under § 8.01-229(E)(3), they were not.

The court cannot conclude from the face of Schweisthal's proposed amended complaint that his VWPA retaliation claim or negligent retention claim is barred by the relevant statute of limitations. It therefore would not be futile to allow Schweisthal to add these two claims to his complaint.

### IV. Conclusion

For the reasons stated above, Schweisthal's motion for leave to file an amended complaint (Dkt. 28) will be **GRANTED**. The court will direct Schweisthal to file his amended complaint. BSRG's request for an award of the costs and fees it incurred in opposing the motion will be **DENIED**.

Because Schweisthal may file an amended complaint, BSRG's motion to dismiss his original complaint (Dkt. 10) will be **DENIED** as moot. Schweisthal's motion for an extension of time to respond to the motion to dismiss (Dkt. 21) also will be **DENIED** as moot.

An appropriate Order shall accompany this Memorandum Opinion.

ENTERED this 26th day of February, 2025.

                                            HON. JASMINE H. YOON
                                            UNITED STATES DISTRICT JUDGE